UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN GRACE JORDAN,
Plaintiff,

-v-

MICHELLE OBAMA, *et al.*,
Defendants.

26-CV-5134 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Kathryn Grace Jordan, proceeding *pro se*, brings this action against Michelle Obama, the former First Lady of the United States, and Christine Calderwood, Jordan's downstairs neighbor, alleging violations of various federal and state criminal statutes, her constitutional rights, and the Violence Against Women Act. She also brings claims for intentional infliction of emotional distress and defamation under New York state law. Calderwood moves to dismiss Jordan's complaint for failure to state a claim. For the reasons that follow, the motion is granted, and Jordan's claims as to Obama are dismissed *sua sponte*.

## I. Background

### A. Factual Background

The following facts are drawn from Jordan's complaint and the affidavit attached to it. (ECF No. 1 ("Compl.").)

Jordan is a disabled woman who resides in New York City. (*Id.* at 2.) Obama is the former First Lady of the United States. (*Id.*) Calderwood is Jordan's downstairs neighbor and, according to Jordan, a "remote agent" Obama paid to spy on her. (*Id.* at 2, 4, 17.) Obama and Jordan have never personally met. (*Id.* at 2.)

Since 2015, Jordan alleges, Obama has harassed and threatened her "24 hours a day, 365 days a year." (*Id.* at 3, 22.) For example, Jordan alleges that Obama "hack[ed] [her] private

phone" and television, communicated with her via defamatory songs played on social media or over various loudspeakers, turned off her water supply, vandalized her "Jaguar convertible," and, in short, "systematically stalk[ed] and menac[ed] her both in Cyberspace and in her domicile." (*Id.* at 8, 9, 10, 17, 19, 20, 25.) Jordan further alleges that Calderwood has been paid to act as an agent of Obama on occasion—for example, by "smashing a commercial grade hammer" through Jordan's front door. (*Id.* at 8.)

Based on those facts, Jordan asserts claims under the U.S. Criminal Code, the New York Penal Code, Section 1983, and New York tort law. (*Id.* at 3-11.) She seeks tens of millions of dollars in compensatory and punitive damages as well as a restraining order or an injunction barring Obama and her agents (Calderwood among them) from stalking, menacing, surveilling, hacking, trespassing, or damaging her person and her property. (*Id.* at 12; *see also* ECF No. 9.)

### B. Procedural Background

Jordan filed suit in this Court on June 17, 2026. (Compl.) On July 13, 2026, Jordan moved for a preliminary injunction and a temporary restraining order against Obama and Calderwood. (ECF No. 9.) On July 24, 2026, Calderwood filed a motion to dismiss Jordan's complaint. (ECF No. 12 ("Mot.").) Jordan opposed Calderwood's motion on August 12, 2026. (ECF No. 16.) Jordan then moved for default judgment against Obama and Calderwood on August 28, 2026. (ECF No. 18.) Calderwood opposed Jordan's motion on September 3, 2026. (ECF No. 21.) Jordan filed a second opposition to Calderwood's motion to dismiss on September 14, 2026 (ECF Nos. 25, 27), and an additional affidavit in support of her motion for default judgment on September 15, 2026 (ECF No. 29). Calderwood filed a reply in further support of her motion to dismiss that same day. (ECF No. 30.) Jordan filed a third and fourth opposition to Calderwood's motion to dismiss on September 18 and September 19, 2026, respectively. (ECF Nos. 31, 33.)

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up). However, courts are not required to credit facts that "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). And courts are therefore not required to entertain frivolous actions—that is, actions rooted in "clearly baseless" factual allegations or "indisputably meritless legal theor[ies]." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam).

## III. Discussion

### A. Motion to Dismiss

Calderwood argues that the Court should dismiss Jordan's complaint because the allegations within it are so "extreme" and "speculative" as to be implausible. (Mot. at 4.) The Court agrees. For example, Jordan alleges that Obama, whom she has never met personally, harasses her through "Cyberspace," television advertisements, song lyrics, loudspeakers in public places, social media, and a network of "remote agents," including Calderwood. (Compl.

at 2, 12, 16, 17.) Although the Court does not question the sincerity of Jordan's beliefs, the allegations in the complaint are too "fanciful" to be plausible. *See Denton*, 504 U.S. at 32-33 (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Sterlacci v. NBCUniversal Media, LLC*, No. 25-CV-5690, 2026 WL 1214449, at *4 (S.D.N.Y. May 4, 2026) (dismissing a complaint for similar reasons). The Court thus grants Calderwood's motion to dismiss.

### B. *Sua Sponte* Dismissal

Calderwood, who is *pro se*, does not purport to represent Obama, her co-defendant. Nevertheless, district courts have "inherent authority" to dismiss frivolous actions *sua sponte*. *Fitzgerald*, 221 F.3d at 364. And the claims against Obama fail for the same reasons the claims against Calderwood do: they are not grounded in realistic factual scenarios. The Court thus dismisses those claims as well.

### C. Remaining Motions

Because the Court dismisses Jordan's complaint in its entirety, Jordan's motions for a preliminary injunction, a temporary restraining order, and default judgment are denied as moot.

### D. Leave to Amend

Ordinarily, district courts should not dismiss *pro se* plaintiffs' complaints without granting leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, courts need not grant *pro se* plaintiffs leave to amend if amendment would be futile. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). And based on the facts alleged to date, there is no indication that Jordan will be able to make out a colorable claim for relief. The Court therefore declines to grant Jordan leave to amend her complaint.

## IV. Conclusion

For the foregoing reasons, Calderwood's motion to dismiss is GRANTED. Jordan's remaining claims as to Obama are DISMISSED *sua sponte*. Jordan's motions for default

judgment, for a preliminary injunction, and for a temporary restraining order are DENIED as moot. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and IFP status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to any self-represented party who has not consented to e-service or e-filing.

The Clerk of Court is further directed to close the motions pending at Docket Numbers 12, 18, 20, and 26, to enter judgment of dismissal, and to close this case.

SO ORDERED.

Dated: November 6, 2026
New York, New York

J. PAUL OETKEN
United States District Judge