UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN GRACE JORDAN,
Plaintiff,

-v-

MICHELLE OBAMA, *et al.*,
Defendants.

26-CV-5134 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Before the Court is Plaintiff Kathryn Grace Jordan's letter motion for disqualification of the undersigned pursuant to 28 U.S.C. § 455 and for reassignment of this action to another district judge. (*See* ECF No. 36 ("Mot.").) The motion is denied.

Jordan argues that disqualification is warranted because, when this Court dismissed her complaint as frivolous and denied *in forma pauperis* ("IFP") status for the purpose of an appeal (ECF No. 35), it: (1) exhibited "inexplicable bias toward [her] as a litigant"; (2) denied her "constitutional right to be heard"; and "attempt[ed] to intimidate [her]" (Mot. at 1-2).

A federal judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" and, relatedly, when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b). But "judicial rulings alone almost never constitute valid [bases] for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). That is because judicial rulings rarely display the kind of "deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996) (quotation marks omitted).

Here, the Court's decision dismissing Jordan's complaint does not reasonably raise a question as to the impartiality or bias of the undersigned. *See* 28 U.S.C. § 455(a)-(b); *accord*

*Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 224 (2d Cir. 2024) (per curiam). To the extent Jordan disagrees with the merits of the Court's decision, that disagreement is "proper grounds for appeal, not for recusal."[1] *Liteky*, 510 U.S. at 555.

Accordingly, Jordan's motion for judicial disqualification is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this order to any self-represented party who has not consented to e-service or e-filing.

SO ORDERED.

Dated: November 9, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

[1] Contrary to Jordan's assertions (*see* Mot. at 2), this Court did not prohibit Jordan from appealing the order dismissing her complaint; it certified under 28 U.S.C. § 1915(a)(3) that any appeal from that order would not be taken in good faith, and it denied Jordan IFP status for the purpose of an appeal accordingly. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Jordan may still appeal the Court's order if she wishes to do so. However, she will be required to pay a filing fee upon filing a notice of appeal or to move for leave to proceed IFP before the Second Circuit.